(No. 5274-)

JAMES HERMAN GAA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 7, 1966.*

JAMES HERMAN GAA, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

James Herman Gaa, claimant, presented his statement in the amount of $135.55 to the Illinois Department of Public Aid, Sangamon County, for services rendered and salary due him as a case worker for the period from April 16, 1965 to April 30, 1965, inclusive.

The Department of Public Aid mailed a warrant in the amount of $135.55 to claimant. The warrant was returned, and on September 17, 1965 was redeposited. Thereafter, and on February 10, 1966, a complaint in this matter was filed in the Court of Claims. It contains a request for payment of the sum of $135.55 for services rendered during the above period of time.

A Departmental Report was filed in this matter, which stated:

"Mr. Gaa was employed by this agency as a Public Aid Caseworker. He was discharged in April, 1965, after he reported he would not return to work from sick leave. This agency was unable to locate him in order

to obtain a resignation, so the discharge was the only method by which we could terminate his employment.

"Vacation was due Mr. Gaa in the amount of $135.55, and this amount was issued to him in warrant No. 474656. We were unable to deliver the warrant after attempts to locate him by phone and registered mail. On September 17, 1965, the warrant was redeposited.

"This Department cannot re-issue the warrant because funds appropriated for such services have lapsed.

"This Department admits that it is a just claim, and the amount is properly due claimant."

Thereafter a written stipulation was entered into between claimant and the Attorney General of the State of Illinois, which found that claimant had been employed by the Department of Public Aid as a Caseworker I; that claimant was entitled to the sum of $135.55; and, that claimant was entitled to be reimbursed in that amount.

This Court has repeatedly held that, where services have been satisfactorily performed; where adequate funds were available at the time the services were rendered; and, where the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an order for the amount due.

Claimant is hereby awarded the sum of $135.55.